IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JILL E. PETERSON, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| BLUE GOOSE PDX, INC., and | § | JURY DEMANDED |
| KRISTINE J. CRAINE, | § | |
|     *Defendants*. | § | |

**COMPLAINT FOR UNFAIR COMPETITION AND TRADEMARK
INFRINGEMENT AND DEMAND FOR JURY**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff JILL E. PETERSON ("Peterson") for her Complaint against Defendants BLUE GOOSE PDX, INC. ("PDX") and KRISTINE J. CRAINE ("Craine") (collectively "Defendants") would respectfully show the Court as follows:

**INTRODUCTION**

1. Peterson is the owner of the trademark BLUE GOOSE. Entities licensed by Peterson operate six BLUE GOOSE CANTINA restaurants in Collin and Dallas counties and the BLUE GOOSE COFFEE HOUSE in Fond du Lac, Wisconsin.

2. Peterson is the owner of the following federal trademarks:

| Mark | Registration No. | Goods/Services |
|---|---|---|
| BLUE GOOSE | 1,433,427 | Restaurant and bar services |
| BLUE GOOSE COFFEEHOUSE & Design | 3,762,342 | Coffee shop services wherein the coffee shop is located inside of a bank building |

3. Peterson's predecessor and licensees have used the trademark BLUE GOOSE continuously since December 15, 1984. As a result of this long and continuous use, the mark BLUE GOOSE is well known to patrons of Mexican restaurants.

1

4.     On information and belief, Defendant Craine recently incorporated Defendant PDX, which, on information and belief, she owns, controls and manages, and started to operate a restaurant under the name BLUE GOOSE in Portland, Oregon.  Defendants' use of BLUE GOOSE started long after Peterson and her predecessor had started use of the trademark BLUE GOOSE and established the BLUE GOOSE brand for Mexican restaurants and after her registration of the trademark BLUE GOOSE on the principal register of the U.S. Patent and Trademark Office.

5.     Peterson's U.S. registrations identified in ¶ 2 above constitute constructive notice of her exclusive ownership of the trademark throughout the U.S.  15 U.S.C. § 1072.  Registration No. 1,433,427 has become incontestable under 15 U.S.C. § 1065 and is conclusive evidence of the validity of the mark, of the registration of the mark, of Plaintiff's ownership of the mark and her exclusive right to use the mark in commerce throughout the U.S.

## THE PARTIES

6.     Plaintiff Peterson is an individual doing business in this District and, in particular, using the trademarks relied on in this action in this District.

7.     Defendant Craine is, on information and belief, an individual carrying on business in Portland, Oregon, in particular, operating a restaurant under the name BLUE GOOSE CAFE at 2725 SE Ankeny Street, Portland OR 97214.

8.     Defendant PDX is, on information and belief, an Oregon corporation carrying on business in Portland, Oregon, in particular, operating a restaurant under the name BLUE GOOSE CAFE at 2725 SE Ankeny Street, Portland OR 97214.

**JURISDICTION AND VENUE**

9. The Court has subject matter jurisdiction in this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because it arises under the Federal Trademark Act, 15 U.S.C. § 1052 *et. seq*. Jurisdiction over the state law causes of action is proper under 28 U.S.C. § 1338(b) because they assert claims of unfair competition and are joined with substantial and related claims under the Federal Trademark laws.

**COUNT I**
**INFRINGEMENT OF**
**TRADEMARK REGISTRATIONS**
**15 U.S.C. § 1114**

10. Defendants are using in commerce, without the consent of Plaintiff, a reproduction, counterfeit or colorable imitation of Plaintiff's Registered Trademarks identified in ¶ 2 above in connection with the sale, offering for sale, distribution, and advertising of their restaurant services on, or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

11. Defendants' infringement of Plaintiff's BLUE GOOSE marks is causing irreparable harm to Plaintiff, which will continue unless Defendants are enjoined by this Court.

**COUNT II**
**UNFAIR COMPETITION BY USE OF**
**FALSE AND MISLEADING REPRESENTATION**
**15 U.S.C. § 1125(a)(1)(A)**

12. The word mark BLUE GOOSE is inherently distinctive. In addition, as a result of Plaintiff and her predecessor's continuous and extensive use of the BLUE GOOSE trademark for almost 30 years, the trademark has come to denote Plaintiff's services.

13. Defendants' use of the name and mark BLUE GOOSE constitutes use in connection with Defendants' goods and services of a false designation of origin, false or misleading description of fact, or false or misleading representation of fact which is likely to

cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' services by Plaintiff.

14. Defendants' use of BLUE GOOSE is likely to cause confusion among the relevant purchasing public. This confusion constitutes irreparable harm to Plaintiff, which will continue unless Defendants are enjoined by this Court.

## **PRAYER**

Plaintiff respectfully requests:

(1) that this Court preliminary and permanently enjoin Defendants, their employees, agents, licensees and franchisees, and all persons acting in participation or concert with Defendants:

(a) from using the name and mark BLUE GOOSE, or any other name or mark confusingly similar to BLUE GOOSE, or any copy or colorable imitation of any of the BLUE GOOSE mark, in connection with the sale, advertising or promotion of any foods or food services;

(b) from using in commerce the name and mark BLUE GOOSE or any other word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact which is likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods, services or commercial activities by Plaintiff.

(2) that in any injunction the Court direct Defendants to file with this Court and serve on Plaintiff, within thirty (30) days after the service on Defendants of the injunction, a report in

writing under oath setting forth in detail the manner and form in which the Defendants have complied with the injunction;

(3)     that the Defendants be ordered to deliver up for destruction any and all labels, signs, prints, packages, wrappers, receptacles, menus, and advertising in the Defendants' possession bearing the BLUE GOOSE name and mark;

(4)     that Plaintiff recovers any damages sustained and the costs of this action, pursuant to 15 U.S.C. § 1117(a);

(5)     that Plaintiff recovers Defendants' profits resulting from its acts of infringement in order to redress Defendants' unjust enrichment and to deter its infringement of the MISSION Marks.  15 U.S.C. §  1117(a);

(6)     that Plaintiff recovers her attorneys' fees pursuant to 15 U.S.C. § 1117(a); and

(7)     that Plaintiff recovers such further and other relief, legal or equitable, that this Court finds just.

## JURY DEMAND

Plaintiff hereby requests a trial by jury of this action.

DATED: December 31, 2014

>Respectfully submitted,
>
>/s/ John M. Cone
>John M. Cone
>State Bar No. 04660100
>HITCHCOCK EVERT, LLP
>750 N. St. Paul Street, Suite 1110
>Dallas, Texas  75201
>Telephone: (214) 880-7002
>Facsimile: (214) 953-1121
>
>ATTORNEY FOR PLAINTIFF
>JILL E. PETERSON